JUSTICE WEBER,
dissenting:
While I agree with the majority as to the applicable rules, I disagree with the application to the facts of this case.
The critical fact which appears to tilt the majority to deny jurisdiction is that the contract here was “to be entirely performed in another state.” The majority also emphasizes that the bidding by the plaintiff took place in Utah. That element did not involve the defendants. I conclude both of these factors are irrelevant under the present facts.
We are not dealing with a contract between the plaintiff and defendant which was performed in Utah. It is essential to note that the contract between the plaintiff and defendant was never performed. The contacts between the parties are essentially the following: 1) entry into a contract over the telephone, with the plaintiff in Montana and the defendant in Utah; 2) telephone advice by the defendant from Utah to the plaintiff in Montana that the defendant would not fulfill his contract.
The contacts between these two parties are basically the same in both Montana and Utah. The facts demonstrate an uncompleted contract with the only issues being whether there was in fact a contract, and a breach by the defendant’s failure to perform that contract. Even in proof at trial, it appears there will be substantially similar questions whether the case is tried in Montana or Utah. The plaintiff’s witnesses are in Montana and the defendant’s witnesses are in Utah.
The majority opinion distinguishes the present case from Nelson v. San Joaquin Helicopters (1987), 228 Mont. 267, 742 P.2d 447. The majority indicates that in Nelson the court found in personam jurisdiction. The majority emphasizes that the California corporation had ongoing business dealings with two different residents. As I read Nelson I am unable to make the same distinction. Without intending to do so, I believe the Court has created a real dilemma as to whether either Montana or Utah has jurisdiction in the present case. If the contacts in Montana are not sufficient for the Montana court to claim jurisdiction, I fail to understand how there will be additional contact in Utah to assist that court in reaching a conclusion that it should take jurisdiction. Under the facts of this case, it seems far more *385 appropriate to conclude that either Montana or Utah can take jurisdiction because the contacts in each state are substantially identical.
The procedure used by the majority has caused unnecessary significant expenses to the parties. The case has been tried and judgment entered here in Montana. The majority has nullified that and required the plaintiff to go to Utah and try the same case over again. Where a case has been tried to judgment, we should not be so casual in our reversal.
I would affirm the District Court.